Daniel Moise **FIERARITA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 03–74136.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2006.*

Filed June 21, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Cesar R. Ternieden, Esq., Law Office of Cesar R. Ternieden, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Linda S. Wendtland, Esq., John C. Cunningham, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY and RYMER, Circuit Judges, and MOSKOWITZ,** District Judge.

### MEMORANDUM ***

Daniel Fierarita, a native and citizen of Romania, petitions for review of his final removal order under 8 U.S.C.

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

§ 1227(a)(2)(A)(iii). We dismiss the petition.

Fierarita was admitted to the United States as a refugee in 1986 and thereafter adjusted his status to that of a lawful permanent resident. In 2003, the Immigration and Naturalization Service charged that Fierarita was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because he had been convicted, after admission into this country, of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(U). The Notice to Appear alleged that Fierarita had been convicted of conspiring to commit an offense that involved "fraud or deceit in which the loss to the victim or victims exceeds $10,000," as described in 8 U.S.C. § 1101(a)(43)(M)(i).

At the removal hearing, the government submitted a copy of a judgment showing that Fierarita had plead guilty to conspiracy, in violation of 18 U.S.C. § 1029(b)(2). The Immigration Judge determined that Fierarita was removable because he had been convicted of an aggravated felony. Fierarita argued to the Board of Immigration Appeals, and argues in his petition to this court, that the government failed to establish by clear and convincing evidence that he was convicted under a specific subsection of 18 U.S.C. § 1029(a) involving fraud or deceit.

To determine whether an offense qualifies as an aggravated felony, we first make a categorical comparison between the generic crime—in this case, an "aggravated felony," defined as an offense that involves fraud or deceit with losses over $10,000, 8 U.S.C. § 1101(a)(43)(M)(i)—and the elements of the statute under which the person was convicted—in this case, 18 U.S.C.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 1029(b)(2). *Li v. Ashcroft*, 389 F.3d 892, 895 (9th Cir.2004). Here, the statute of conviction, 18 U.S.C. § 1029(b)(2), refers to 10 subsections of offenses in § 1029(a), and one subsection, (a)(9), does not include any "intent to defraud." That subsection prohibits the possession or use of hardware or software that has been configured to obtain unauthorized telecommunications services. 18 U.S.C. § 1029(a)(9). Because the statute of conviction is not a categorical match, we proceed to examine the conviction under the modified categorical approach. *Li*, 389 F.3d at 896.

Under the modified categorical approach, we examine the judgment in the criminal record, which, in this case, includes a statutorily-mandated restitution order under 18 U.S.C. § 3663A. Mandatory restitution is required for victims of violence, victims of tampered consumer products, or for victims of any offense under Title 18 committed by fraud or deceit. 18 U.S.C. § 3663A(c)(1)(A). The restitution order lists restitution, totaling $181,870, to providers of credit, not providers of telecommunications services. Under 18 U.S.C. § 1029(a), these victims are the victims of a crime involving the intent to defraud. 18 U.S.C. § 1029(a)(1)–(8), (10). By submitting the judgment that includes the statutorily-mandated restitution order, the government has established by clear and convincing evidence that Fierarita had been convicted of an aggravated felony involving fraud or deceit in which the loss to the victims exceeds $10,000. The BIA applied the proper burden of proof and did not shift the burden of proof to Fierarita. We have no jurisdiction to review Fierarita's petition, 8 U.S.C. § 1252(a)(2)(C), and we have no jurisdic-tion to grant any other relief under international law.

PETITION DISMISSED.